THE HARRY R. WHEELER. THE B LINE. THE CITY OF NEW YORK. (Circuit Court of Appeals, Second Circuit. November 11, 1912.) No. 54. Appeal from the District Court of the United States for the Eastern District of New York. Archibald R. Watson, Corp. Counsel, of New York City (Terence P. Farley and G. P. Nicholson, both of New York City, of counsel), for appellant. Foley & Martin, of New York City (W. J. Martin and Frank A. Spencer, Jr., of counsel), for appellee claimant. Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for appellee libelant. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The narrow channel rule (section 1, art. 25, Act June 7, 1897, c. 4, 30 Stat. 101 [U. S. Comp. St. 1909, p. 2883]), requiring vessels to keep on the starboard side, applies to navigation up or down. Vessels may cross a narrow channel or maneuver in it. In this case the tug got on the port side in rounding to and before she could move to go upon the starboard side she met the ferryboat. The real question on which the case turns then arose, viz.: Were the vessels meeting green to green or red to red? Upon this point the contradiction between the witnesses is absolute, and, adopting the findings of the District Judge that the vessels were meeting green to green, we agree with his conclusion that the tug was not in fault because of the narrow channel rule, and that the ferryboat was at fault in porting and going across the tug's course. Our doubt has been whether the tug was not

also at fault, because her green light was to some extent obscured. As the city, though fully advised of the situation, did not set this up as a fault in its answer, and the District Judge has held that, even if so, it did not contribute to the collision, the decree is affirmed, with interest and costs.